**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

May 30, 2008

Peter S. Pearlman
Cohn, Lifland, Pearlman, Herrman & Knopf, LLP
Park 80 Plaza West One
Saddle Brook. NJ 07663

Theodore M. Lieverman
Spector, Roseman & Kodroff, PC
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Jennifer C. Critchley
William H. Graham
Connell Foley, LLP
85 Livingston Avenue
Roseland, New Jersey 07068

Re:   **DIK Drug Co., et al. v. Altana Pharma AG, et al.**, No. 07-5849 (JLL)

Dear Counsel:

This matter is before the Court by way of Plaintiffs DIK Drug Company and King Drug Company of Florence, Inc.'s motion to clarify (or, in the alternative, to reconsider) and to provide limited relief from this Court's Order of January 31, 2008. This motion is resolved on the submission of the parties, without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, this Court grants in part and denies in part Plaintiffs' motion.

**I.   Background**

Because the Court writes solely for the parties, it need not recount the factual and procedural history of this action at length. On January 23, 2008, the parties in DIK Drug Co.

1

submitted a joint application for leave to file a motion to stay the action pending the outcome of the underlying patent claim in Altana Pharma AG v. Teva Pharmaceuticals USA, Inc., et al. (the "Altana Patent Litigation"). On January 31, 2008, this Court issued an order *sua sponte* (a) consolidating this action with Fawcett v. Altana Pharma AG, et al., No. 07-6122, and Painters Dist. Council No. 30 Health & Welfare Fund v. Altana Pharma AG, et al., No. 07-6150 (the three actions collectively referred to as the "Altana Antitrust Litigation") and (b) staying the Altana Antitrust Litigation.

Plaintiffs in this action (the "Direct Purchaser Plaintiffs")[1] filed the instant motion on February 13, 2008, asking the Court to clarify (or, in the alternative, to reconsider) – and grant limited relief from – its Order of January 31, 2008. Specifically, Plaintiffs request that this Court (1) coordinate, rather than consolidate, the actions comprising the Altana Antitrust Litigation and (2) provide limited relief in the form of allowing the Direct Purchaser Plaintiffs to access the discovery produced thus far in the Altana Patent Litigation. Defendants do not oppose Plaintiffs' request for coordination, but do oppose the discovery request.

## II.  Legal Standard

Federal Rule of Civil Procedure 59(e)[2] provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become

---

[1] The Court borrows this moniker and that of "Indirect Purchaser Plaintiffs" from the parties for ease of reference.

[2] Plaintiffs do not specify the Federal or Local Civil Rule pursuant to which they are bringing the instant motion. While "the function of the motion, not the caption, dictates which Rule applies," Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), the Court construes the motion as being brought pursuant to Rule 59(e).

2

available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). With this framework in mind, the Court now turns to Plaintiffs' motion.

### III. Discussion

#### A. Coordination versus Consolidation

Plaintiffs do not specify the ground(s) on which they seek clarification or reconsideration of the portion of the Court's January 31, 2008 Order consolidating the Altana Antitrust Litigation. At no point in their brief do Plaintiffs argue that (a) there was an intervening change in controlling law requiring the Court to coordinate rather than consolidate the actions, (b) there is newly available evidence, (c) the Court improperly applied the law as to consolidation or (d) coordinating rather than consolidating the actions in the Altana Antitrust Litigation will prevent a manifest injustice. Rather, Plaintiffs argue that there are "inherent conflicts in litigating these actions jointly" (Pl. Br. at 4), arising out of the fact that plaintiffs in DIK Drug are Direct Purchaser Plaintiffs while plaintiffs in the remaining two actions in the Altana Antitrust Litigation are indirect purchasers ("Indirect Purchaser Plaintiffs"). Said conflicts include the fact that Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs represent different classes, seek different damages and will require different types of discovery. (Id.)

In a different case in front of this Court which likewise involves direct and indirect purchaser plaintiff classes, the Court found it beneficial for counsel for the parties to coordinate the actions, rather than consolidate them. See In re Hypodermic Prod. Direct Purchaser Antitrust Litig., No. 05-1602, Case Management Order, April 28, 2006, ¶ 8. Although reconsideration is not necessary in light of the fact that Plaintiffs have not asserted any grounds on which the Court must reconsider its ruling, the Court finds that the potential conflicts highlighted by Plaintiffs weigh in favor of coordinating the Altana Antitrust Litigation. Based on the Court's prior decision in a case involving similar differences, and because Defendants do not oppose coordination, the Court grants Plaintiffs' motion for reconsideration on the issue of coordination of the Altana Antitrust Litigation.

#### B. Access to Discovery in the Altana Patent Litigation

Plaintiffs further request that the Court provide them limited relief from the January 31, 2008 stay in the form of access to the entirety of the discovery produced to date in the Altana Patent Litigation. Plaintiffs claim that they will be disadvantaged without it since they will have "to play discovery 'catch up' to place themselves on equal footing with the generic defendants . . . ." (Pl. Br. at 7.) Defendants claim that access to discovery in the Altana Patent Litigation is not warranted because: (1) Plaintiffs claims fail if Defendants prevail in the Altana Patent Litigation, (2) even if Plaintiffs claims are not dependent on the outcome of the Altana Patent Litigation, Plaintiffs must overcome procedural hurdles to proceed with the Altana Antitrust Litigation, and

3

(3) Defendants' proprietary information would be exposed to those outside the Altana Patent Litigation. (Def. Br. at 3-7.)

After reviewing the allegations in Plaintiffs' Complaint, the Court noted in its January 31, 2008 Letter Opinion, "[i]t is clear to the Court that the claims at issue in the Altana Antitrust Litigation necessarily rise or fall with the validity determination currently at issue in the Altana Patent Litigation." (Letter Op. at 3.) The same is true as of this date. By allowing Plaintiffs here to proceed with even limited discovery, the Court would be, in effect, lifting the stay without having resolution of the issue on which the Altana Antitrust Litigation is based. Consequently, Plaintiffs' request for limited relief from the stay is denied.[3]

## IV. Conclusion

For the aforementioned reasons, the Court grants Plaintiffs' motion for reconsideration as to the Court's Order consolidating the actions and denies Plaintiffs' motion for limited relief from the Court's January 31, 2008 Order. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge

---

[3] The Court's ruling on this issue is without prejudice to its reassertion at the appropriate juncture.